### ROEMER v. PEDDIE & CO.

(Circuit Court, D. New Jersey. November 29, 1895.)

PATENTS—CONSTRUCTION OF CLAIMS—INFRINGEMENT—SATCHEL HANDLES.

The Roemer patent, No. 314,724, for a patent for an improvement in bag or satchel handles, consisting in a combination of strap and metal plates arranged on opposite sides thereof, with the edges of the strap projecting beyond the plates, and a covering secured to such edges, if valid at all, must be confined to the precise devices mentioned in the claims, and is not infringed by a handle having but one metal plate.

This was a suit in equity by William Roemer against T. B. Peddie & Co. for alleged infringement of a patent for an improvement in bag or satchel handles.

R. Wayne Parker, for complainant.
Louis C. Raegener, for defendant.

ACHESON, Circuit Judge. If it be conceded that patentable novelty is disclosed by the patent in suit, still its claims must be construed strictly in view of their terms and the prior state of the art. Wright v. Yuengling, 155 U. S. 47, 15 Sup. Ct. 1. The invention in question is for an improvement in bag or satchel handles, and the patent (No. 314,724) was granted to the plaintiff, William Roemer, on March 31, 1885. The plaintiff's patent had been preceded by a number of patents relating to the same subject-matter, and those earlier patents, in connection with the actual manufacture of such handles, had greatly limited the scope of invention. This fact Mr. Roemer himself seems to have recognized, for, after stating that the object of his invention was "to increase the strength of the handles, and to reduce the cost," he adds that "it consists in the arrangements and combinations of parts, substantially as will be hereinafter set forth, and finally embodied in the clauses of the claims." The specification then, after referring to the drawings, proceeds thus:

"In said drawings, a is a strap or center piece, preferably of leather, and b, c, are oppositely concaved strips of iron or other suitable metal, between which the said center piece is clamped, the edges of the latter projecting beyond said plates, so that the outer or inclosing leather or pieces of the handle may be sewed or otherwise secured thereto. As intimated, the clamping plates are oppositely concaved, to give strength and rotundity to the handle, both at the top and on the under side thereof. The plates are longitudinally bent or curved, to give the usual shape to the handle. At or near the ends the plates are perforated, and the upper plate bent around to overlap the under plate, forming loops for the rings, f. Rivets, g, pass through the perforations, and hold the plates together. The handle is then inclosed with upper and lower pieces, d, e, the edges of which are secured by means of lines of stitching, or otherwise, to the projecting edges of the pieces, A."

The claims are in these words:

"(1) The improved handle, consisting, essentially, of a strap, metal plates arranged on opposite sides thereof, to give strength to the handle, the edges of the said strap, a, projecting beyond said plates, and a covering secured to said edges, substantially as described.

"(2) In a bag handle, the oppositely concaved plates, b, c, having a projecting strap or piece therebetween, projecting to receive a covering, and said covering, said parts being arranged and combined substantially as set forth."

Now, it was very old to employ a metal skeleton for the handle, to give it the desired strength; a core of wire or a metal strap or band being thus applied. The Lagowitz & Lieb patent, of 1876, shows a curved round handle, formed from a single piece of sheet metal. The Chapman patent, of 1878, shows a bag handle constructed of two metallic sections or plates, fitted together to form, respectively, the upper and under sides of the handle, the ends of these sections being bent into loops around the suspending rings; and the patent states that both sections may be covered with thin leather to complete the resemblance to a stitched leather handle. The only thing here lacking to anticipate Roemer is the strap or center piece. One of the well-known prior constructions was a rounded bag handle,

composed of a center strap piece of leather and two fillings of paper, in the form of half rolls, one laid against the upper side of the center strap, and the other against the under side of the same; the center strap having projecting edges, and the handle being covered with layers of leather stitched to the strap. The proofs disclose other forms of handles, which need not be discussed. Those already mentioned suffice to show that, if his patent can stand at all, Roemer must be confined to the precise devices mentioned in his claims. Boyd v. Tool Co., 158 U. S. 260, 15 Sup. Ct. 837.

Thus construed, Roemer's claims, in my judgment, do not cover the defendant's handle, which does not have "metal plates arranged on opposite sides" of the strap, as mentioned in the first claim, nor "the oppositely concaved plates, b, c, having a projecting strap or piece therebetween," as specified in the second claim. The defendant's handle has an upper metal plate (not substantially different from that of Chapman), and under this a metal strap. It has not, however, an under metal plate corresponding to Roemer's plate, c. Instead of this under plate, it has a filling of paper, which gives the desired rotundity to the under side of the handle. If this roll of paper could be regarded as the equivalent of Roemer's metal plate, c, it is very hard to see how his patent could be saved at all, in view of the prior construction already mentioned, wherein the handle was made with a central leather strap placed between two oppositely concaved paper fillings.

Let a decree be drawn dismissing the bill, with costs.