GILBERT, Circuit Judge.
The appellants were the complainants in a suit against the appellee, charging him with infringing' two certain letters patent for improvements in brooms, to wit, letters patent No. 248,252, issued October 11, 1881, to J. W. Bradshaw and Louis C. Richardson, and letters patent No. 249,884, issued. November 22, 1881, to J. W. Bradshaw, both of which were alleged to have been assigned to the complainants. The defense was noninfringement, and a denial of the assignments to the complainants. The first patent has but one claim, which reads as follows:
“In combination with a broom, the slit or open ferrule, B, adapted to contract as the wire is wound round it, and provided with serrations, G, G, all substantially as and for the purpose set forth.”
*734 The second patent is for a device which differs from the first only in that the serrations or teeth are cut away, and in their place two lugs are left, one at each end of the metal collar or ferrule which goes around the broom straws. In this patent there are three claims as follows:
“(1) The combination of the open ferrule, E, having lips or extensions, e, e, with wire, 0, and tack, f, all substantially as and for the purpose set forth. (2) The broom ferrule, E, formed with the lips, e, e, and with the beads or shoulders, é, substantially as described. (3) The combination with the broom body and its handle of the ferrule, E, formed with the beads or shoulders and with the lips, e, and the wire wrapped around the body below the ferrule, then passed up through the body, and wrapped around the ferrule between the beads, and finally secured by a tack or rivet passing through said lips, substantially as specified.”
It was proven that the appellee had used metal collars or ferrules, which differed from those described in the complainants’ patents in the fact that they had neither the serrations, Gr, G-, of the first patent, nor the lips or extensions, e, e, of the second patent, nor any equivalent or substitute therefor. On the contrary, it appeared that they were plain pieces of tin or metal, which were placed around the broom, and wrapped thereon with wire. In neither of the complainants’ patents is the claim made for an open ferrule. It is doubtful whether, in the state of the art, such a claim could have been made. The claims were for the open ferrule with teeth in the one patent, and with extensions or lugs in the other; the purposes of which are in both patents clearly defined. The patentees were thereby limited to the precise form and combination claimed. Knapp v. Morss, 150 U. S. 221, 14 Sup. Ct. 81; Wright v. Yuengling, 155 U. S. 47, 15 Sup. Ct. 1. The ap *735 pellants contend that an equivalent for the serrations of their first patent is found in the beads or depressions in the appellee’s device, which are used to retain the wrappings of the wire, and prevent them from coming off in case the broom straws should shrink, and cause the ferrule to slacken up or loosen. It is clear from the complainants’ patent, however, that the serrations perform no such office. In the specification the serrations are called “teeth,” and their use is described as follows:
“But the butt ends of the straws extend only under the teeth, and terminate .at their base. In order to bind these teeth upon the broom straws so as to clamp the latter upon the handle, we bind a wire, a, around the teeth into a number of coils sufficient to conceal the teeth, and at the lower end of the coil secure a tack, pin, or screw, H, by passing the same through the straws and into the handle.”
It will thus be seen that the purpose of the teeth is not to prevent the wire from slipping off the ferrule, but to attach the ferrule more securely to the broom straws. The appellants contend also that an equivalent for the lugs or extensions of their second patent is found in the appellee’s device, from the fact that the appellee causes a tack or nail to be driven through the lower corners of the open ferrule to fasten the end of the wire to the broom handle. Here again the appellants must be bound by their claim. They have specifically claimed the extensions for the purpose of inserting the nail therein. If the appellee had the right to use an open ferrule at all, he had the right to drive a nail through it at any point. He was only precluded from using a ferrule with a lug or extension thereto, such as was described and claimed in the complainants’ second patent. Inasmuch as the serrations of the first and the extensions or lugs of the second patent are wholly dispensed with in the device which was used, by the appellee, there was no infringement. The decree of the circuit court will be affirmed, with costs to the appellee.