WHEELER, District Judge.
This suit is brought upon patent Ho. 455,695, dated July 7, 1891, and granted to William J. Sumner for a door hanger. The specification states:
“This invention relates to improvements in sliding doors, which are suspended through trolley carriers and hangers from a trolley track thereabove, whereby they may slide longitudinally or alongside of the wall or partition,— the main object of the invention being to provide means, comprised in and between the hanger and the door, whereby the said door may be laterally adjusted, in order that it may be supported to be slid in a plane at any desired proximity to the partition in which is formed the doorway to be covered and closed by s-aid door; and the invention consists in the constructions and combinations of parts, all substantially as will hereinafter fully appear and be set forth in the claims. The hanger consists of a longitudinal bar, to extend between and beyond and to rest on the axles of two roller carriers, and posts connected to and vertically suspended from and below said bar, being interme *916 diately decreased in thickness, to permit of its free passage in the opening between the troughways of the trolley track, and provided at its extremity with an enlargement whereby shoulders are formed, and said enlargement is transversely and horizontally bored and screw-threaded.
“The door at its upper side is provided with apertures therein, each having a contracted opening at its top, formed by overlying edges, and also open at one end, but closed at the other end by a wall. The head of each post suspended from the trolley track fits into the correspondingly formed apertures, being entered thereinto at the end thereof, and a screw passes, loosely through a hole in the said end wall and with a screw engagement into the transverse tapped hole in the post enlargement. It being understood that the hanger posts are practically incapable of any lateral movement, it will be plain that, on turning the said screw (which is to be maintained against endwise movement), the said door will be moved laterally either towards or from the partition, according as said screw is turned to the right or to the left.”
The claim in question is for:
“(1) In combination, the trolley track, roller carriers supported thereon, and a hanger supported from said roller carriers, comprising suspension posts hav *917 mg terminal enlargements, and the door formed or equipped at its upper portion with transversely extending apertures and contracted openings leading therefrom to the top of the door, and in which apertures said post enlargements are entered for engagemént, and an operating screw applied for securing a movement of said door laterally with relation to said suspension posts, substantially as set forth.”
These things had been subjects of many patents before, including several granted to Sumner, leaving but narrow room for improvements, which have been shown in defense; and of these No. 869,451, dated September 6, 1887, and granted to William 0. Kasson, is relied upon as an anticipation. The drawings of this- patent show a track with roller carriages, slotted plates, d, at the top corners of the door, with U-shaped lugs, d', at their outer ends, hangers or suspension posts or “limbs,” reaching from the carriages through the slots in these plates, and screws, e, working through the lugs and engaging the limbs. The specification sets forth, after descriptions of various other parts:

“Provision has also been made for the horizontal adjustment of the carriage on the door, so that it may be carefully gauged with respect to the stop, or adjusted for any other purpose. The limbs of the carriage terminate in suitable dove-tail, or T-shaped, lugs, which engage with the corresponding groove in the plate, d, extending longitudinally from the wider apertures therein, through which the lugs freely pass. A screw, e, connects with the outer limb, and is journaled in a U-shaped lug, d', on the upper side of the plate. To connect the parts the screw is turned up close to the shoulder, when the lugs slip through the holes in the plate, and the shank of the screw into its seat. The screw is then turned until the carriage is in the proper position.”
Here are all of the parts of the combination of tbe claim relied upon of the patent in suit, working together in the same way, for the same purpose of adjusting a door hanging on rollers to its place in *918 covering the doorway. They differ somewhat in form, but the patents are not for designs, but for combinations of working parts. They suspend the doors in the same manner; one adjusts the door endwise, and the other sidewise; but the screw, driven in the same way, works in the same parts to accomplish a similar movement to effect the adjustment. The changes in form and direction appear to belong to the work of a mechanic rather than to the genius of an inventor. Wright v. Yuengling, 155 U. S. 47, 15 Sup. Ct. 1. Upon these views this alleged anticipation seems to be so made out as to defeat the claim relied upon. Bill dismissed.