BANNERMAN v. SANFORD.

(Circuit Court, S. D. New York.   June 5, 1897.)

1. PATENTS—ANTICIPATION.
    A patent cannot operate as an anticipation of a later patent when it is
    shown that the invention of the latter was perfected prior to the issuance of
    the former.

2. SAME—INVENTION.
    Merely changing the connection of the hand piece in a magazine firearm
    from a swinging to a piston breech is merely putting the hand piece and
    means of connection to a new use in the same place, and is not patentable
    there separately from the parts connected with.

3. SAME—MAGAZINE FIREARMS.
    The Roper patent, No. 316,401, for a magazine firearm having an actuating
    hand piece beneath the barrel, and connected with a piston breech for remov-
    ing exploded shells, and inserting cartridges, without taking the gun from
    the shoulder, *held* invalid, because of prior use.

This was a suit in equity by Francis Bannerman against Philip
G. Sanford for alleged infringement of a patent.

Charles G. Coe, for plaintiff.
Charles R. Ingersoll and George D. Seymour, for defendant.

WHEELER, District Judge.   This suit hangs upon patent No.
316,401, dated April 1, 1885, and granted to Sylvester H. Roper, for
a magazine firearm, having an actuating hand piece beneath the
barrel, and connected with a piston breech, for removing exploded
shells, and inserting cartridges, without taking the gun from the
shoulder.   The claims in question are:

(1) In a magazine firearm, a piston breech suitably connected to and in com-
bination with an actuating sliding handle situated forward of the receiver, and
serving as a means for supporting the barrel, and provided with a path of recipro-
cation in a line parallel with the axial line of the barrel.

(2) In a magazine firearm, the combination of a piston breech, a supporting
handle forward of the receiver, and movable in the direction of the length of
the barrel, means connecting the handle and piston breech, and means whereby
the piston breech will be held in position during firing, substantially as specified.

(3) In a magazine firearm, the combination of a piston breech, a supporting
handle forward of the receiver, and means connecting the piston breech and
supporting handle, so that, when the supporting handle is used, the piston breech
will be moved in the same direction, substantially as specified.

(4) In a magazine firearm, the combination of a piston breech, a supporting
handle forward of the receiver movable in the direction of the length of the
barrel, and means whereby, when the said supporting handle is moved back
and forth, motion will be transmitted to the piston breech, so as to cause the
latter to move back and forth, substantially as specified.

(5) In a magazine firearm, the combination, with a barrel and a tubular maga-
zine, of a piston breech, a device whereby the passage of a cartridge from a
point opposite the magazine to a point opposite the barrel will be effected, and
a supporting handle forward of the receiver adapted to move in the direction
of the length of the barrel to operate the piston breech, and to operate the device
whereby the passage of a cartridge from the magazine to a point opposite the
barrel is effected, substantially as specified.

(8) In a magazine firearm, the combination, with a barrel and magazine, of
a piston breech, a supporting handle situated forward of the receiver, for recipro-
cating the piston breech in the direction of the length of the barrel, and a device
operated by the piston breech, and serving to cause the passage of a cartridge
from a point opposite the magazine to a point opposite the barrel, substantially
as specified.

There are other claims for particular pieces of mechanism used in moving the cartridges.

The defendant sets up prior knowledge of, and use by, among others, Christopher M. Spencer; and, among others, patent No. 255,-894, dated April 4, 1882, and granted to Christopher M. Spencer and Sylvester H. Roper, for a magazine firearm having an actuating hand piece beneath the barrel, and connected with a swinging breech, for removing exploded shells and inserting cartridges, without taking the gun from the shoulder. The proofs show clearly that Roper made a gun according to his patent early in 1882, before the Spencer and Roper patent, and also that Spencer and Roper invented the gun of their patent before Roper did that of his. So, the Spencer and Roper patent, as such, can, as argued, have no effect upon the validity of this Roper patent; but the prior knowledge and use of Spencer and Roper may defeat so much of this patent as is for what was in that. James v. Campbell, 104 U. S. 356. While the patent covers these other new mechanisms, these claims cover only the actuating hand piece connected, by means undescribed, with the piston breech, which was a well-known part of such a gun in different forms. The Spencer and Roper gun had precisely such a hand piece connected by means described with a swinging breech, which was also a well-known part of such a gun, also in different forms. The difference between the Spencer and Roper gun and the Roper gun seems for present purposes to be that in the former the means for connecting the actuating hand piece with the breech are described, and in the latter not; and in the form of the mechanism of the breeches with which the actuating hand piece is connected. So far as these claims go, the hand piece and connecting means operate in precisely the same way with one form of breech as with the other, and produce the same result in capacity for being fired without being taken from the shoulder; the difference in the operation of the guns being wholly in the mechanism of the different breeches which is not covered by, but is outside of, these claims. In this view, the Spencer and Roper invention seems to anticipate these claims as they stand by themselves. Wright v. Yuengling, 155 U. S. 47, 15 Sup. Ct. 1. If not, changing the connection of the hand piece from a swinging to a piston breech, without more, would seem to be merely putting the hand piece and means of connection to a new use in the same place, which would not be patentable there separately from the parts connected with. Bill dismissed.