## HIRSCH v. UNION STOVEWORKS.

(Circuit Court, S. D. New York. December 5, 1903.)

1. PATENTS—INFRINGEMENT—GAS OR OIL BURNERS.

The Fennessy patent, No. 424,964, claim 2, for a central draft oil or gas burner, the inner and outer walls of the flame chamber of which are formed of cylinders provided with perforations of approximately one-sixteenth inch diameter, distributed 20 to the square inch, or the equivalent, in view of the prior art, covers only the proportion of the area of perforations to area of cylinder, and, if valid, is not infringed by a burner in which such proportion is greatly different from that stated in the patent.

In Equity. Suit for infringement of letters patent No. 424,964, for an oil or gas burner, granted to Frank R. Fennessy April 8, 1890. On final hearing.

Stephen J. Cox, for plaintiff.

Julian C. Dowell and Osgood H. Dowell, for defendant.

WHEELER, District Judge. The patent involved in this case is No. 424,964, dated April 8, 1890, and granted to Frank R. Fennessy, assignor. The specification states:

"My invention relates to that class of burners which have a central draft or air-supply, and in which the flame from a gas jet, or the gaseous products of combustion from a burning wick, are burned between the air-supplying perforated metal cylinders or chimneys concentric with the wick or jet." And: "My invention consists, first, in the peculiar construction, proportions, and relations of the inner and outer perforated air cylinders or chimneys, whereby I secure the production of the odorless flame of high temperature";

And, after setting forth in minute detail descriptions of the cylinders, casings, wick-holders, annular spaces, and perforated cylinders, that:

"After a long experiment in this direction, I have determined that excellent results are obtained by perforating the cylinders with openings each of a gauge or diameter of one-sixteenth of an inch; the number of such perforations or openings to the square inch being about twenty. It is obvious that an equivalent amount of air might be introduced through the perforated cylinders or diaphragms by decreasing the diameter of the perforations, and correspondingly increasing their number to the square inch, or that, within certain limits, determined by the intimacy of the mixture of air and gas desired, the diameter of each opening might be increased, and the number to the square inch diminished. When, therefore, in my claim, I specify openings of one-sixteenth of an inch diameter to the number of twenty to the square inch, I design to cover the equivalent sizes and dispositions thus mentioned. I do not, however, limit myself to the exact diameters and numbers specified, which will permit a given amount of air to enter through the wall of the cylinder; but, as will be obvious, the dimensions and proportions given may be varied or departed from to some extent, so as to increase or decrease the amount of air admitted, without departing from my invention."

There are nine claims. All but two set forth combinations and arrangements of the working parts which are not here finally alleged to be infringed. The other claim which is in dispute reads:

"(2) In a central-draft oil or gas burner, perforated cylinders forming the inner and outer walls of a flame-chamber, and provided with perforations of

approximately one-sixteenth-inch caliber, distributed twenty to the square inch, or the equivalent, as described."

The alleged infringement has cylinders, the perforations of which are $^5/_{64}$ of an inch in diameter, and about 25 to the square inch. The defenses are: Anticipation, nonpatentability, and noninfringement.

The case shows the use of prior perforated cylinders for the purpose of producing a blue flame in such an apparatus long ago, and in many forms and proportions, without a definite proportion, either in size of the perforations, or the number to the square inch. It is quite apparent from the evidence, as well as from the statement of the inventor in the specification, that in this particular the patent is for size, number, and proportion of the perforations. The apparatus does the same things in the same way as has been done many times before, in all respects, except, perhaps, this particular proportion of size and number of perforations.

In Smith v. Nichols, 21 Wall. 112, 22 L. Ed. 566, Mr. Justice Swayne, in delivering the opinion of the court, said:

"But a mere carrying forward or new or more extended application of the original thought, a change only in form, proportions, or degree, the substitution of equivalents doing substantially the same things in the same way by substantially the same means with better results, is not such invention as will sustain a patent."

The same thing is expressed in Wright v. Yuengling, 155 U. S. 47, 15 Sup. Ct. 1, 39 L. Ed. 64, where Mr. Chief Justice Fuller, in speaking for the court of the invention there in question, said:

"If the combination of the trough and cylindrical guide of the Wright patent gives greater lightness and strength to the frame than the combination of the trough and the flat guides of the Farrar patent, it is a mere difference in degree, and carrying forward of an old idea—a result, perhaps, somewhat more perfect than had theretofore been attained, but not rising to the dignity of invention. We have repeatedly held patents of this description to be invalid."

This patent, being on its face for a mere proportion or degree, is, according to the principles of the cases quoted from, of doubtful validity. If it is valid at all, it can be only for the substantially exact proportions and number of perforations as specified in the second claim, which is all there is in question. The proportion of number and size of perforation in the infringement is not substantially the same as that in the patent. As the areas of circles are in proportion to the squares of their diameters, the proportions of a circle $^1/_{16}$ or $^4/_{64}$ of an inch to that of one $^5/_{64}$ of an inch is as 16 to 25—more than 50 per cent. greater; and the number of perforations to the square inch in the infringement is so much greater than that in the patent as to make the disparity still larger. Therefore, if the patent could be sustained as to this second claim, it would be so closely confined to the proportion named in the claim that this much greater proportion in the alleged infringement cannot be said to be near enough to infringe.

The plaintiff cannot be entitled to a decree. Bill dismissed.