J. M. BURGUIERES CO., Limited, v. DEMING APPARATUS CO.

(Circuit Court of Appeals, Fifth Circuit. June 11, 1915.)

No. 2699.

1. PATENTS ☜255—PURCHASER OF PATENTED ARTICLE—RIGHT TO·MAKE IM-
PROVEMENTS.
    By a valid sale of a patented article it becomes the private property
of. the purchaser, who, as against the owner of the patent, may use it
until it is worn out, and may repair and improve it as he sees fit.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 397, 399; Dec.
Dig. ☜255.]

2. PATENTS ☜328—INFRINGEMENT—APPARATUS FOR SEPARATING SOLIDS FROM
LIQUIDS.
    The Deming patent, No. 885,450, for an apparatus for separating solids
from saccharine solutions, which is an improvement patent, and one ele-
ment of which is a water-tight cover for the settling tank, held not
infringed by a tank which did not include such feature.

Appeal from the District Court of the United States for the Eastern
District of Louisiana; Rufus E. Foster, Judge.

Suit in equity by the Deming Apparatus Company against the J. M.
Burguieres Company, Limited. Decree for complainant, and defend-
ant appeals. Reversed.

R. E. Milling, of New Orleans, La., for appellant.

John H. Brickenstein, of Washington, D. C., and Eraste Vidrine, of
New Orleans, La., for appellee.

Before PARDEE and WALKER, Circuit Judges, and SHEP-
PARD, District Judge.

SHEPPARD, District Judge. This is an appeal from the District
Court of the United States for the Eastern District of Louisiana, and
brings here for review a decree of that court declaring patent No. 885,-
450 to be infringed by the J. M. Burguieres Company, Limited, appel-
lant, allowing an injunction and appointing a commissioner to ascer-
tain and report plaintiff's damages. The controversy involved pat-
entable invention, anticipation, and infringement, and, after taking
much testimony on the issues made by the pleadings, the judge, follow-
ing the theory of the parties, enjoined the alleged infringement.

Here we may advert to the record and ascertain by the uncontra-
dicted evidence in the case the contractual relation of the parties.
These pertinent facts appear: On December 25, 1894, Eugene W.
Deming obtained patent No. 531,460 on an apparatus for the separa-
tion of solids from saccharine solutions. A second patent was obtained
by him August 25, 1896, numbered 566,726, on a similar device. In
April, 1897, there was made and sold to the J. M. Burguieres Com-
pany, by the Deming Apparatus Company, "or its assignor Eugene W.
Deming," a set of tanks covered by these two patents. Discovering
that the tanks as purchased would not give results desired or expected,
the J. M. Burguieres Company proceeded to make some changes and
additions in the construction and operation of the tanks. In the gra-

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

dation of alterations and additions which followed, one in particular, the cover to the tank, was adopted after the issuance of the patent in suit on April 21, 1908, numbered 885,450. This latter patent, covering tanks similar in construction and operation, describes a water-tight cover which is an essential element of the combination providing means for the operation of the tanks under pressure.

The Deming Apparatus Company, having acquired the rights of the patentee under the patent in suit, brought this action in the District Court, complaining that the tanks then in use by the Burguieres Company were an infringement. A decree in its favor resulted, from which this appeal was taken.

[1] It is necessary to refer to patents numbered 531,460 and 566,-726, because of the fact that the tanks referred to were made and sold to the Burguieres Company under them. The briefs of respective counsel contain exhaustive arguments on the propositions of patentability, anticipation, and infringement, ignoring entirely the appellant's assertion of unqualified title to and ownership of the tanks by purchase from the plaintiffs below, set up in the third paragraph of defendant's supplemental answer, viz.:

"That the defendant in the month of April, 1897, purchased from the complainant herein, or from its assignor, Eugene W. Deming, a certain apparatus for the settling of cane juices in an iron tank," etc.

In the absence of any evidence to the contrary, it is to be assumed that this sale to the Burguieres Company was unrestricted, and this is the reasonable construction to be given the uncontradicted answer. Conceding this to be the legal effect of the pleading, then the relation of the patentee or his assignee to the Burguieres Company is nothing short of vendor and vendee under an unrestricted sale. What rights, then, does such a purchaser acquire as against his patentee vendor? The Supreme Court answers:

"When the patentee, or the person having his rights, sells a machine or instrument whose sole value is in its use, he receives the consideration for its use and he parts with the right to restrict that use. The article, in the language of the court, passes without the limit of the monopoly. That is to say, the patentee * * * having in the act of sale received all the royalty or consideration which he claims for the use of his invention in that particular machine or instrument, it is open to the use of the purchaser without further restriction on account of the monopoly of the patentees." Bauer v. O'Donnell, 229 U. S. 18, 33 Sup. Ct. 620, 57 L. Ed. 1041, 50 L. R. A. (N. S.) 1185, Ann. Cas. 1915A, 150, text and cases there cited.

This would be unquestionably the law of this case as to the naked tanks. It appears from the evidence that the changes made in and the additions to the tanks by the Burguieres Company were such as to enable the purchaser to obtain the desired results for which the tanks were purchased, and these may be classed as improvements. So let us see how this would affect the contractual relation of the parties, where the patentee vendor in the meantime obtains a patent purporting to cover the particular improvements. In the case of Chaffee v. Boston Belting Co., 22 How. 223, 16 L. Ed. 240, the Supreme Court said:

"By a valid sale and purchase, the patented machine becomes the private individual property of the purchaser, and is no longer protected by the laws of the United States, but by the laws of the state in which it is situated.

Hence it is obvious that, if a person legally acquires a title to that which is the subject of letters patent, he may continue to use it until it is worn out, or he may repair it or improve upon it as he pleases, in the same manner, as if dealing with property of any other kind."

[2] Passing to the merits of the claims in the patent in suit, and the improvements by the Burguieres Company, and the question of infringement, we find that the Supreme Court in the case of McCormick v. Talcott, 20 How. 402, 15 L. Ed. 930, states as the law that:

"If the invention claimed be itself but an improvement on a known machine by a mere change of form or combination of parts, the patentee cannot treat another as an infringer who has improved the original machine by use of a different form or combination, performing the same functions. The inventor of the first improvement cannot invoke the doctrine of equivalents to suppress all other improvements which are not mere colorable invasions of the first." Morley Machine Co. v. Lancaster, 129 U. S. 274, 9 Sup. Ct. 302, 32 L. Ed. 715, text.

The appellant, at least so far as the appellee is concerned, was entitled to improve the machine it bought in any way not involving a use of the particular combination of elements disclosed by the claims of the patent sued on. It is not made to appear that the improvement devised by the appellant and made use of by it on its machine is the same or the equivalent of the one which is described in the two claims of the patent in suit which are relied on. Each of those claims makes a water-tight covering of the tank an essential feature of the improvement sought to be protected by the patent. The appellant's improvement did not include this feature. The appellant put a cover on the top of its tank, as it was reconstructed; but this cover was not watertight, being supplied with four inch vent pipes open to the outer air above and affording an outlet through the cover for the liquid in the tank; and it did not perform the function claimed by the patentee for a water-tight cover, in that it did not prevent contact of the liquid in the tank, when full, with the air above, and by that means tend to prevent the rise to the surface of the impurities separated from the juice by the heating under pressure of the liquid in the tank, with the result of such impurities finding their way to the bottom of the tank. The appellee, having made the water-tight feature of the tank covering an essential element of the improvement sought to be protected by its patent, is not at liberty to say that that feature of the claims relied on is immaterial, and cannot sustain a contention that another's improvement which dispenses with that feature, or any equivalent of it, is an infringement of the patent, though it accomplishes the same purpose in a manner perhaps equally effective. Wright v. Yuengling, 155 U. S. 47, 15 Sup. Ct. 1, 39 L. Ed. 64; Consolidated Engine Stop Co. v. Landers, Frary & Clark, 160 Fed. 79, 87 C. C. A. 235. It is very questionable under the evidence whether the appellant's improvement embodied other features of the patented improvements which the patentee made elements of his claims. The above-announced conclusion dispenses with the necessity of passing on the other questions so arising.

It follows, from the views here expressed, that there was no equity in the bill, and the decree of the District Court should be reversed, with directions to dissolve the injunction and dismiss the bill. It is so ordered.