## LEHMAN v. RIPLEY et al.

(Circuit Court of Appeals, Eighth Circuit. January 21, 1925.)

No. 6567.

**1. Patents ⟨⟩16—Mere improvement, to secure better result by original method, not "invention."**

The mere carrying forward of an original thought, the substitution of an equivalent, a more thorough doing of what has already been done, or a more perfect result obtained by carrying forward an old idea, is not such "invention" as will sustain a patent.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Invention.]

**2. Patents ⟨⟩328—Lehman, 1,168,945, for foldable cuff, held void for lack of invention.**

The Lehman patent, No. 1,168,945, for a foldable and reversible cuff, *held* void for lack of invention, in view of the prior art.

Appeal from the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Suit in equity by John L. G. Lehman against George A. Ripley and others. Decree for defendants, and complainant appeals. Affirmed.

For opinion below, see 283 F. 661.

J. W. Kelley, of Denver, Colo. (Jean Kelley, of Denver, Colo., on the brief), for appellant.

A. J. O'Brien, of Denver, Colo., for appellees.

Before STONE, Circuit Judge, and MUNGER and MILLER, District Judges.

MILLER, District Judge. Appellant has appealed from an order of the lower court dismissing his infringement bill based on the Lehman patent, No. 1,168,945, issued January 18, 1916, covering improvements on a foldable and reversible shirt cuff, for lack of patentable invention, in view of the prior state of the art. The suit is on a single claim:

"I claim in combination with a shirt sleeve, a reversible foldable cuff therefor having an outer ply formed to constitute a folded upper portion free with reference to the sleeve, marginal stitching to retain the edge of the folded portion in flat condition, said stitching passing through the said folded portion only of the cuff, and not through the sleeve, the inner layer of said folded portion extending downwardly a substantial distance below the stitched marginal edge thereof, and stitching securing the lower edge of said inner layer to the adjacent lower end portion of the sleeve, independently of the outer layer of the folded portion, so that said folded portion is loosely related to the sleeve to a substantial depth extending below the stitched marginal edge of the folded portion, the central portion of the body of the cuff being free relative to the sleeve to permit folding of said body upon itself in either direction to present a rounded exposed or wearing edge projected below the sleeve, substantially as described."

The prior state of the art is well illustrated by the Friedman patent, No. 1,079,-484, issued November 25, 1913, covering a foldable and reversible shirt cuff, also based on a single claim, as follows:

"A sleeve having a reversible soft fold-cuff attached thereto, said cuff having an outer ply presenting a folded edge adjacent to the sleeve and attached to the sleeve at a substantial distance from said folded edge, whereby a free flap is formed along the outer side of the cuff adjacent to said sleeve, the attached portion of said cuff being provided with a pair of buttonholes and the folded over portion of said cuff being provided with a pair of buttonholes at a greater distance from the edge than are the buttonholes in the attached portion from the folded edge thereof, all of said buttonholes being adapted to register with each other and to receive a single cuff button whereby said folded edge is covered by the edge of the fold-over portion when the cuff is folded outwardly."

The purpose of both patents, as shown by the respective claims, was to produce a foldable and reversible cuff, to give the same general appearance to the cuff on the outside, whether the adjustable portion was on the outside or inside of the cuff; the object being to give longer wear to the shirt without the apparent need of laundering, yet concealing from the casual observer the fact that the cuff had been turned, and incidentally saving cost of laundry and the necessary destructive effect on the shirt. An analysis of the two claims shows them to be substantially the same in purpose and effect. The difference may be stated to be that the Lehman or appellant's claim provides for a single continuous length of cloth, which is turned at the cuff end, with marginal stitching to retain the end of the folded portion in a flat condition, the stitching passing through the folded portion only of the cuff, and not through the sleeve, while in the Friedman claim it appears that the cuff has an outer ply, presenting a folded edge adjacent to and attached by stitching to the sleeve at a substantial distance from the folded edge, forming a free flap on the outer side of the cuff adjacent to the sleeve. In both patents the free or reversible flap, when folded outward, was intended to represent the outer side or edge of the cuff.

Appellant, however, contends that the record shows, referring to the drawings of the two patents, that in the Friedman patent the false edge is so slightly extended that it fails in its purpose; whereas, his extension, being substantially greater, accomplishes the purpose sought. He also says that this fact is borne out by the shirts actually manufactured and sold under the respective patents, as shown by exhibits introduced in the trial. If that be conceded, it does not follow that, as here, where the underlying idea and purposes under both patents are identical, a mere extension of the free flap intended to resemble the edge of a cuff constitutes a patentable invention, and the same may be said of the two other differences claimed in the making of the two cuffs, namely: (1) That in the appellant's patent the cuff is of a single continuous piece of cloth; and (2) that the stitching in the appellant's cuff passes through only the inner layer, while in the Friedman it passes through both layers.

[1] The lower court found that appellant's cuff was an improvement of the

Friedman cuff, but did not constitute a patentable invention. Probably no general rule could be stated defining the exact line of demarcation between an improvement on the prior state of the art and an invention, but it is well-settled law that a mere carrying forward of an original thought, the substitution of an equivalent, a more thorough doing of what has already been done, a more perfect result by carrying forward an old idea, is not such an invention as will sustain a patent. Smith v. Nichols, 88 U. S. (21 Wall.) 112, 22 L. Ed. 566; Ansonia Brass & Copper Co. v. Electrical Supply Co., 144 U. S. 11–13, 12 S. Ct. 601, 36 L. Ed. 327; Wright v. Yuengling, 155 U. S. 47, 15 S. Ct. 1, 39 L. Ed. 64; Reckendorfer v. Faber, 92 U. S. 347, 23 L. Ed. 719.

[2] Appellant does not claim to be a pioneer in the art. The Friedman patent was issued more than two years before appellant's patent, which he is presumed to have had before him. In view of the prior state of the art, as disclosed by the record, we concur with the lower court in holding that such change as appellant made in the cuff covered by the Friedman patent was within the skill of one familiar with the art, and does not constitute a patentable invention.

Affirmed.