## BIG "G" DISTRIBUTING CO. et al. v. AIR CLEANER SERVICE CO. et al.

## AIR CLEANER SERVICE CO. et al. v. BIG "G" DISTRIBUTING CO. et al.

### No. 12712.

United States Court of Appeals Fifth Circuit.

Jan. 6, 1950.

Rehearing Denied Feb. 14, 1950.

Jack A. Schley, Dallas, Texas, Joseph H. Schley, Dallas, Texas, for appellants.

Charles Haskell, Denver, Colorado, James E. Henderson, Dallas, Texas, for appellees.

Before McCORD and WALLER, Circuit Judges, and RICE, District Judge.

McCORD, Circuit Judge.

This is a suit for alleged infringement of a patent. The appeal is from a final decree of the district court holding Claim 4 of Letters Patent No. 2,299,332 valid and infringed by appellant, Big "G" Distributing Company and its associates.

The application for the patent held to be infringed was filed by Robert Marshall, Jr., on March 2, 1940, and the patent was issued on October 20, 1942. The appellee, Air Cleaner Service Company, a Colorado Corporation, later became the exclusive li-

censee under the Marshall patent and on April 29, 1948, it brought this suit against the Big "G" Distributing Company, a Texas Corporation, and various other defendants, charging them with infringement, and praying for an injunction, an accounting of profits, and for damages.

The case was tried by the court without a jury, and at the conclusion of the trial the court rendered its opinion orally from the Bench. It found that the patent in question was valid, and that the defendants, Big "G" Distributing Company and its associates had infringed the Marshall patent of the Air Cleaner Service Company, but it declined to award any damages for such infringement. Therefore, we have here an appeal from the holding as to the validity of the patent and on the merits of the alleged infringement by the Big "G" Distributing Company, and a cross appeal on the part of the Air Cleaner Service Company alleging error on the part of the trial court in refusing to find damages and malice, and in failing and refusing to refer the matter of damages to a master for determination.

The record testimony is voluminous and technical. It threads its way through detailed descriptions of a series of similar inventions, all designed and patented to remove dust from the air drawn into the cylinders of internal combustion engines. The Marshall patent, or that of the Air Cleaner Service Company, is referred to in the record as the "Cyclone Cleaner". The Newberry patent, or appellants' device, is described as the Klear-Flo Cleaner, or dust filter. Upon the oral argument counsel for both sides have laboriously exhibited and explained to the court the operation and mechanical construction of their respective patents, and have ably illustrated and shed much light upon their arguments by constant reference to numerous charts and diagrams showing in detail the construction and relationship of the various devices and patents which are before us as exhibits in this case. After hearing the argument of counsel, and from a careful consideration of the entire record evidence, as well as the briefs filed by the parties, we are of opinion that the claims asserted for the Marshall patent are too broad both in fact and in law, and that there has been no infringement here which would justify sustaining this suit.

Pretermitting the question of whether the Marshall patent is invalid because issued, as appellants contend, by mistake of the United States Patent Office, we prefer to rest our decision on the ground that in view of the prior art and development of this particular type air cleaner device at the time the Marshall patent was issued, it becomes manifest that there can be no infringement here. A careful examination and study of the underlying principles of operation and mechanical construction of the following prior patents leads us inescapably to the conclusion that while each may disclose slight changes or improvements over its predecessor sufficient to justify the issuance of a patent, yet they nevertheless overlap each other and the Marshall patent in basic principle and construction like boards covering a house:

Patent of James P. Quam, No. 1,434,562, patented November 7, 1922.

Patent of Hartwell L. Edridge, No. 1,842,082, patented January 19, 1932.

Patent of Frank A. Donaldson, No. 1,850,343, patented March 22, 1932.[1]

When we come to measure the degree of invention displayed in the above listed patents with that of the Marshall patent, it seems clear that plaintiffs have in some sort brought together in the Marshall cleaner a combination of known elements and principles, many of which are already existent in these prior patents.[2] The

1. Other patents which are to a less degree similar in construction and operation to the Marshall patent are:

Kamrath, No. 1,723,427, patented August 6, 1929

Kamrath, No. 1,746,218, patented Feb. 4, 1930

Donaldson, No. 1,755,319, patented April 22, 1930

Champion, No. 1,840,831, patented January 12, 1932

2. This fact is substantiated by the testimony of George F. McDougal, engineer and patent attorney, who represented

Marshall patent is in the main closely akin to its elders. In fact, in spite of slight differences in mechanical construction most of these patents follow each other like sheep following a leader. Probably all that was invented in the Marshall device was an improved version of one or more already known elements, and such is generally insufficient to support a claim of new combination. Refrigeration Patents Corp. v. Stewart-Warner Corp., 7 Cir., 159 F.2d 972; Cuno Engineering Corp. v. Automatic Device Corp., 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. 58; Magarian v. Detroit Products Co., 9 Cir., 128 F.2d 544, 545; Dunbar v. Myers, 94 U.S. 187, 24 L.Ed. 34; Butex Gas Co. v. Southern Steel Co., 5 Cir., 123 F.2d 954.

■■ We think it abundantly clear from the evidence that there is certainly as much difference in mechanical construction and principle of operation between the Marshall and the Newberry patents, as there is between the Marshall patent and those which came before it. Moreover, we must presume that each of these patents is valid. Radio Corp. v. Radio Engineering Lab., 293 U.S. 1, 7, 54 S.Ct. 752, 78 L.Ed. 1453; Walker on Patents, Deller's Edition, p. 301. So that, granting we should not expressly invalidate the Marshall patent here, if we adopt the view that the Marshall patent did not infringe upon the prior art, then logic

impels us to hold that the Newberry patent of appellants does not infringe upon it. Peters v. Active Mfg. Co., 129 U.S. 530, 537, 9 S.Ct. 389, 32 L.Ed. 738; Lyman Gun Sight Corp. v. Redfield Gun Sight Corp., 10 Cir., 87 F.2d 26, 28; Knapp v. Morss, 150 U.S. 221, 14 S.Ct. 81, 37 L.Ed. 1059; Eastman Oil Well Survey Co. v. Sperry-Sun Well Surveying Co., 5 Cir., 131 F.2d 884, 887.

■ The language of this court in the case of Hughes v. Magnolia Petroleum Co., 5 Cir., 88 F.2d 817, 818, in many material respects a very similar case, is particularly applicable and controlling here, wherein it was held: " * * * While we have the gravest doubts whether appellants' patent is valid at all, we are quite sure that it is so only as to the combination as it is precisely and definitely set out in the allowed claim, and that as so limited appellee's device does not infringe it. The patent claim in suit is as to a device so elemental and so simple, so related to, if not identical with other devices in the same art, that it is difficult to see how patentable invention may be ascribed to it in any form. But we are in no doubt that if there is any invention in it it is entitled to protection only within the narrowest limits, and when confined precisely to the form claimed. * * *" See also, Derby v. Thompson, 146 U.S. 476, 13 S.Ct. 181, 36 L.Ed. 1051; Wright v.

Robert Marshall, Jr., in securing a patent for the Marshall cleaner. Although the trial court found, and the record reveals, that his testimony discloses more of the advocate than that of an impartial witness, he nevertheless makes the following admissions on cross-examination:

"Q. What I am trying to get at is, what, in your opinion, did Mr. Marshall invent? A. Mr. Marshall invented a combination of elements in certain relationship, cooperative relationship, that these laws of physics that I have shown to be operative here could be applied by this piece of apparatus. If there is any substantial variation, the laws of physics can't apply.

"Q. Well, this vane plate 10—A. Yes.

"Q. —was that invented by Mr. Marshall? A. Oh, no. He specifically disclaims that.

"Q. That was not new at the time Mr. Marshall entered the field? A. No.

"Q. Was the frusto-conical housing new? A. It wasn't new.

"Q. It was old? A. It was old.

"Q. Was this induction tube coming up into the housing new? A. No, it wasn't.

"Q. Are these vanes 21 new? A. They have all been used one place and another.

"Q. Is this opening, the lateral opening 14, is that new? A. There is nothing novel about that. I can say, to save time, that all of the old elements, that all of the elements found in that structure, can be separately picked up in other structures. But the invention lies in the idea of cooperating them in such a way physically that they can work together and produce the beneficial result. It is a combination claim in which each element is absolutely essential and from which you can get no beneficial result if one element be omitted."

Yuengling, 155 U.S. 47, 15 S.Ct. 1, 39 L.Ed. 64; Texas Rubber & Specialty Corporation v. D. & M. Machine Works, 5 Cir., 81 F.2d 206, 207, 208.

In view of our holding that there has been no infringement, we consider it unnecessary to pass upon the issues raised on the cross-appeal.

The judgment of the district court is erroneous, and the same is hereby reversed with directions to enter judgment in favor of appellants.

Reversed and rendered.