## Case No. 9,508.

METROPOLITAN WRINGING MACH. CO. v. YOUNG et al.

[14 Blatchf. 46; 2 Ban. & A. 460.]1

Circuit Court, N. D. New York. Nov. 18, 1876.

PATENTS—REISSUE—CLOTHES WRINGERS — COMBINATION.

The first claim of the reissued letters-patent, division A, granted to the Metropolitan Washing Machine Company, January 7th, 1873, for an "improvement in clothes wringers" (the original letters patent having been granted on the invention of Alby H. Page, January 29th, 1867),

1 [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 2 Ban. & A. 460; and here republished by permission.]

namely: "In a wringer having a pair of squeezing rollers, and an operating crank, and two uprights or standards, the employment of clamping means arranged to take hold of the tub at or near the base of each standard," is limited to a combination in which a swivel or its equivalent, is employed as one of the parts of a clamping device, and must be read with reference to the specification, and as though the words "substantially as described," were inserted.

[Cited in Brinkenhoff v. Aloe, 37 Fed. 96, 13 Sup. Ct. 224.]

[This was a bill by the Metropolitan Wringing Machine Company against James Young and others to restrain the infringement of certain letters patent.]

Charles L. Woodbury, Benjamin F. Thurston, and Livingston Scott, for plaintiffs.

John F. Seymour and Edmund Wetmore, for defendants.

WALLACE, District Judge. The complainants are the owners of letters patent [No. 61,680] originally issued, on the invention of Alby H. Page, January 29th, 1867, for an "improvement in clothes wringers," and reissued [No. 5,223] to the Metropolitan Washing Machine Company, January 7th, 1873, in three divisions. The improvement relates to a device for fastening the wringers to tubs of various sizes. Infringement is predicated upon the first claim only in the reissued patent, division A, the other claims having been abandoned on the argument. That claim reads as follows: "In a wringer having a pair of squeezing rollers, and an operating crank, and two uprights or standards, the employment of clamping means arranged to take hold of the tub at or near the base of each standard." The defendants rely upon three defences to the action, insisting, first, that Page, the inventor of the alleged improvement, had abandoned it to the public; second, that, if the claim is construed to cover all clamping devices for such machines, it is void for want of novelty; and, third, that, if the claim is limited to clamping devices of the particular character described in the specification and shown in the drawings, the defendants do not infringe. I do not deem it necessary to pass upon any but the last of these defences. In my view, the true construction of the patent limits the claim to a combination of the machine with a clamping device of a specific construction, which the defendants have not adopted. Construing the claim as favorably as its language, the state of the art, and the extent and character of the actual invention will permit, it must be limited to a combination in which a swivel, or its equivalent, is employed as one of the parts of a clamping device. It cannot be sustained as a broad claim for any kind of "clamping means arranged to take hold of the tub at or near the base of each standard" of the wringing apparatus. It is to be read with reference to the specification, and as though the words "substantially as described" were inserted. It is conceded, that all that Page contemplated

was to effect a new organization of the clothes wringers in use, by combining wringing apparatus similar to that in the Allendar machine with a device for clamping it to tubs and vessels, so that the wringing apparatus could be adjusted, without further adaptation, to tubs and vessels of different forms and sizes, and detached at pleasure. Prior to his first application for a patent, the most popular wringing machines were a part of the vessel itself, or were made part of a bench or frame. Wringers of various construction had been made to be attached to a tub or other vessel, but none like the Allendar machine had been made which could be adjusted in a satisfactory way to tubs and vessels differing in size and form. It was the aim of Page to supply this want. Clamping devices were a well known means of fastening machines to chairs, benches, platforms, tables and other articles. The combination of a well known wringing apparatus with a tub or vessel, by means of a well known clamping device, would not be patentable, unless some new and useful result due to the combination would ensue. It is difficult to see how any new result, in a patentable sense, could follow from combining the wringing apparatus with a device for fastening it upon a tub, unless there should be something in the device peculiarly adapted to co-operate with the wringing apparatus. Such a result would not follow from the employment of an ordinary clamp, or of two, one at or near the base of each standard of a wringer with two standards. Nor would it necessarily follow because the clamping device might be such as to adapt the wringing apparatus to tubs of different sizes; because, the aggregation of devices, each of which is old, so that each may work out its own effect, without the production of something novel arising from the co-operation of the devices, is not a new result. Clamps are usually placed at the point which will give the greatest stability to the machine. This may be near the base of the support of the machine. If there are two supports, it is quite possible that a clamp on one may suffice to attach the machine sufficiently. If it does not, and two are used, the result is but an aggregation of the results due to each. These considerations lead, in ascertaining the extent of the actual invention of Page, to search for it in some distinctive feature of his clamping device, which, from its peculiar co-operation with the wringing apparatus, produces the new result which renders his invention patentable. The description in the patent and the drawing both exhibit a clamping device which consists of two curved bars having three vertical fingers, two of which proceed from each end of the bar, on one side of it, and one from the centre, but on the opposite side of the bar. The latter finger has a set screw passing through it, with a small button on its end. Each bar is pivoted to a small bracket by a stud, and the brackets are fastened to the upright, near its base, on the

side or front. When the bars are clamped to the tub by adjusting the bar by means of the pivot, four of the six fingers are placed on the outside of the tub, and two, those having the set screw, on the inside. The set screw is then adjusted, and thereby the uprights are rigidly attached to the tub. The specification proceeds as follows: "This construction presents a swivel or joint, which allows each clamping device to turn, and thus adapt itself perfectly to tubs and washing machines of different sizes and forms. The employment of two sets of clamping devices, and the taking firm hold on the edge of the tub at points so far removed from each other, provides for very effectually resisting the tortional strain" (caused by operating the crank.) Language could hardly be plainer to indicate that the swivel is deemed an important part of the contrivance. It is also obvious, from the whole mechanism of the clamping device, that the pivot is the controlling factor in the construction; and I am unable to see what equivalent could be employed in its place, without requiring a radical change in the entire device. Without the pivot there could be no swivel, and the vertical fingers could not be placed in the required position.

Turning to the application for the original patent, it is clear that Page considered the swivel as the important feature of his invention; for, he concludes his description by stating that "the advantage of this arrangement consists in the employment of a swivel or joint, which allows the clamping device to turn, and thus adapt itself perfectly to tubs of different sizes and forms." This terse statement of his idea is quite ingeniously diluted in the language of the reissue. In the original he summarizes his invention as one wherein "the advantage of his arrangement consists in the employment of a swivel," while, in the reissue he says: "This construction presents a swivel." In the first, the employment of the swivel is stated as the gist of the improvement. In the reissue the attempt is to present it as a secondary or cumulative advantage. I cannot resist the belief, in view of the decided difference between the claims in the original and the reissue, and of the changes in the description, that it was intended to import vagueness and generality into the reissue, to obscure somewhat the cardinal idea of the inventor. Enough, however, remains to show that the reissue describes the same invention as did the original, and that the swivel cannot be discarded, but must be regarded as one of the controlling elements in the combination.

Assuming that the patent covers a combination which is the proper subject of a patent, either because a new result is produced, or because the clamping device is new, the claim in question has not been infringed by the defendants' structure. In their structure, the wringer is clamped to the tub by two jaws attached by a spring connection, one to either standard, having a thumb-screw passing

through either jaw and screwing into a piece of metal imbedded in either standard. The wringer may be set upon the edge of the tub, the jaws at the base of each standard being placed outside of the tub, and the standards upon the inside and opposite the jaws, and, by means of the thumb-screw, the jaws are moved towards the standard, thus firmly clamping the wringer upon the tub between the jaws and the standard. Quite evidently, this is a simpler and more convenient and less expensive device than the complainants'. The swivel is discarded, the curved bars which are useless without the pivot are discarded, and the standards are utilized to supply the place of four of the vertical fingers on the bars. The contrivance of the defendants is so far different from that of the complainants that it amounts to a substantive invention. This is quite conclusive against the theory of infringement. Indeed, it was substantially conceded, upon the argument, that, if the swivel should be held to be an essential part of the combination covered by the claim, the defendants' structure is not an infringement.

A decree is ordered for the defendants, dismissing the bill, with costs.