## WEST COAST SAFETY FAUCET CO. v. JACKSON BREWING CO.

(Circuit Court of Appeals, Ninth Circuit.    May 5, 1902.)

### No. 717.

1. PATENTS—ANTICIPATION—FAUCET AND BUSHING FOR BARRELS.

The Anthony & Savage patent, No. 468,144, claim 4, for a faucet-bushing and valve for barrels, is void for anticipation; the device being a combination of old elements, resulting merely in the aggregation of their respective functions, and producing no new result, and no such improvement in the method of operation as to amount to invention.

Appeal from the Circuit Court of the United States for the Northern District of California.

This is a suit in equity for the infringement of claim 4 of letters patent of the United States No. 468,144, granted to Mark Anthony and William C. Savage on February 2, 1892, for an improvement in thimbles and bushing for barrels. The appellant, as assignee of the right, title, and interest of the patentees in and to said letters patent for the Pacific Coast territory, charges the appellee with using and operating within such territory bushings and thimbles for barrels, containing, embracing, and embodying the invention and improvement patented in and by said letters patent No. 468,144; that such use constitutes an infringement of the appellant's rights and results in large damages to appellant, wherefore an injunction restraining the use of such bushings and thimbles by the appellee is prayed for, and a decree for such damages as have already accrued to the appellant through such use by the appellee. The appellee sets up the general defenses of anticipation, want of invention, and noninfringement. In the court below, judgment was entered for the appellee (respondent therein), and a decree made dismissing the complainant's bill, upon the ground that the patent in suit was anticipated. This action of the trial court is assigned as error by the appellant.

N. A. Acker, for appellant.

Frank J. Kierce and William F. Booth, for appellee.

Before GILBERT and MORROW, Circuit Judges, and HAWLEY, District Judge.

MORROW, Circuit Judge (after stating the facts as above). The claim of the patent in issue in this suit is as follows:

"(4) The combination, with a barrel, of the faucet-bushing, said bushing having the inner screw-threaded end, and the valve provided with the screw-threaded stem, as and for the purpose set forth."

The invention sought to be patented relates to certain improvements in thimbles and bushings for beer barrels or other liquid-containing receptacles, and is stated in the specification to consist mainly in providing a thimble for attachment within the tap-hole of barrels free of internal screw-threads throughout, thereby presenting smooth, free inner walls, thus allowing for the bushing fitting freely therein, and obviating liability of the former becoming clogged with dirt, pitch, or the like. It is stated that heretofore it has been customary in some cases to screw the bushing within the thimble, for which purpose it became necessary to screw-thread the bushing and internal walls, which not only prevented the liability of clogging, but also had a tendency to break or damage the threads, consequently making it difficult to insert the bushing without recutting the screw-threads. And further the invention is said to consist in providing a simpler, less complicated, less expensive, easier, and more effective valve for the bushings than any heretofore known. It appears that it was formerly the practice, after a beer barrel had become empty, to pitch or char the interior of the barrel before refilling it, to prevent the souring thereof; that the pitch was used in a heated condition, and the surplus remaining after the surface was entirely covered was allowed to run out of the bung or tap-hole; that for this purpose the bushing carrying the valve was required to be removed from the barrel, and the screw-threads in the wood were thus exposed and became filled with pitch, making it a very difficult matter to re-insert the bushing, with its valve, into the tap-hole of the barrel. The use of the thimble in the patent in suit, to which the bushing was attached, instead of directly to the walls of the barrel, is stated to have provided against the clogging from the pitch. But since the date of this patent other methods of treating the interior of barrels have been introduced, omitting the use of pitch, and the usefulness of the thimble has thereby become greatly lessened. It is contended by the patentees, however, that the value of their improvement in the bushing and valve is in no degree affected by the use or nonuse of the thimble; that the thimble may serve an additional function as an outer screw-threaded wall, or as a convenient means for attaching the bushing and valve to the barrel, but it in no way aids the bushing and valve in the operation of drawing beer from the barrel. Their claim of infringement is therefore entirely confined to the improvement in the bushing and valve, described and illustrated as follows:

"In Fig. 1 we have shown a bridge, E, in the lower end of the bushing-stem, which is provided with the central screw-threaded opening e', and within which works the screw-threaded stem, e², of valve E'. Within the bridge-wall we form the exit-ports, f, through which the liquid flows when the valve is opened. The upper portion of the bushing is provided with the raised annular projection, f³, and inclined grooves, f', through which passes and works the faucet set forth and described in letters patent No. 339,252.

granted Mark Anthony on the 6th day of April, 1886. As set forth in said patent, the lower end of the faucet-key is formed triangular, and fits upon the triangular valve-stem. As the faucet is screwed downward within the bushing, the valve is opened by turning inward, while the same is closed by screwing the faucet upward in order to remove the same from within the bushing. When the valve is opened, the liquid flows between the inner or upper face thereof and the end of the bushing through the passageways or ports, f, and through the faucet-openings. Inasmuch as the faucet or key used is the same as that set forth in the aforesaid letters patent, we have not shown the same herein."

*Fig. 1.*

The patentees claim to have been the first to produce a faucet-bushing having a vertically-moving valve secured to its lower end; the upper end of the bushing having inclined grooves therein, and an annular seat intermediate the grooved end of the bushing and the valve end thereof; the whole so arranged that the faucet joint is made the moment the valve joint is destroyed. It is contended that this improvement is of great value, as, the first device having a vertically-moving valve in connection with the described bushing, that could be utilized without leakage of the liquid occurring. Giving to the patent in suit, then, all the virtue that is claimed for it, we have a faucet device which makes and breaks its bushing seat simultaneously with the opening and closing of the valve, thereby preventing leakage when in operation. Has this device been anticipated in its result and method of operation? The valve with a screw-stem is an old device, found in many prior patents. The faucet engagement with the bushing, then, is the only thing left to be considered. The particular advantage here claimed by the appellant is the quick action of the device, by which by a quarter-turn of the faucet a quick faucet-joint results, and the consequent avoidance of leakage. This is accomplished by inclined grooves in the outer end of the bushing, an annular intermediate seat, and the faucet-stem with lugs thereon. The seating of the faucet on its seat within the bushing appears to be the important feature. The more quickly it is done, the more effective is its operation. In the model introduced, claimed to have been constructed from the patent in suit, the valve is opened and the faucet-stem seated in the bushing by a quarter-turn of the faucet. This operation is accomplished by the pitch of the threads of the screw-valve in combination with the thickness of the rubber washer interposed between the faucet and its seat. If the threads of the screw-valve are steep, the revolution of the valve is correspondingly short and the operation quick; and, if the washer between the faucet and its seat is thick, the distance for the screw-

valve to travel is short, and the operation is correspondingly quick. Hence it follows that the pitch of the threads of the screw-valve and the thickness of the washer between the faucet and its seat determine the turn of the faucet, and the length of time required for the performance of the operation. Neither of these elements is new, and no invention was required to bring them into play in the combination. The faucet and bushing engagement by means of inclined grooves and lugs appears in two prior patents issued to Anthony, one of the patentees of the device in controversy, and in both of those patents is also found an intermediate annular faucet seat or projection. These patents contained a rotary disc-valve instead of the vertically-moving screw-valve of the patent in controversy. It would appear that each of the elements of the device covered by this patent has been used in prior patents, though not in the same combination with each other. The result obtained by the combination of these elements selected from old devices is a mere aggregation of their respective functions,—the carrying forward of an old idea to a greater degree of perfection, perhaps, than had theretofore been attained in the art, but not rising to the dignity of invention, according to the requirements of the patent law. Wright v. Yuengling, 155 U. S. 47, 54, 15 Sup. Ct. 1, 39 L. Ed. 64. "To sustain a patent on a combination of old devices, it is well settled that a new result must be obtained which is due to the joint and co-operating action of all the old elements. Either this must be accomplished, or a new machine of distinct character and function must be constructed. Pickering v. McCullough, 104 U. S. 310, 26 L. Ed. 749; Hailes v. Van Wormer, 20 Wall. 353, 22 L. Ed. 241; Double Pointed Tack Co. v. Two Rivers Mfg. Co., 9 Biss. 258; Wringing Machine Co. v. Young, 14 Blatchf. 46, Fed. Cas. No. 9,508." Brinkerhoff v. Aloe, 146 U. S. 515, 13 Sup. Ct. 221, 36 L. Ed. 1068. The only patentable distinction possible in the device in question is the quick seating of the faucet, and that is really a question of degree, dependent upon the pitch given to the threads of the screw-valve, to open and close the liquid passage, and the thickness of the washer between the faucet and its seat. This idea is contained in prior patents, and its adaptation to the combination in question requires merely the knowledge of a skilled mechanic, and not the exercise of the inventive faculty.

The decree of the circuit court is therefore affirmed.