### Allis and others *v.* Stowell, Survivor, etc.

*(Circuit Court, E. D. Wisconsin.    July 26, 1881.)*

1. LETTERS PATENT—SAW-MILL DOGS—ANTICIPATION.

Selden's device, known as a saw-mill dog, *held* to have been anticipated, and therefore to be invalid.

In Equity.

*W. G. Rainey,* for complainants.

*Flanders & Bottum,* for defendant.

DYER, D. J., *(orally.)*    There was, some time since, heard and decided in this court the case of *Allis* v. *Stowell,* involving the validity of certain patents, one of which was issued to one Selden, and the other to one Beckwith, upon certain devices known as saw-mill dogs.    Both patents were sustained, and injunctions were granted.    Subsequently, an application was made to reopen the case as to both patents, and after hearing, and investigation of the questions involved, a rehearing was granted as to the Selden patent, but not as to the Beckwith patent.    The case has now been argued before the full bench upon testimony that has been submitted with reference to the validity of the Selden patent, and as to whether it was not anticipated by the devices that are claimed to have been made and sold as early as 1845, and subsequently by one Page, at Washington, and one Duval, at Zanesville, Ohio.    Testimony upon the rehearing, and touching the validity of the Selden patent, has been fully taken, and we have to pass upon the case in the light of the new facts that have been developed.    There has been produced what is known as the Duval device.    Certainly, the similarity between this device, which anticipated by many years the Selden, and the Selden dog, is quite striking, as is apparent upon mere inspection.

A change of the original decree is resisted by the complainants, substantially upon two grounds; the first being that the principal witness for the defendant stands in such an attitude, and occupies such a relation to the defendant, as requires the court to entirely disregard his testimony.    The other is that there is such a defect apparent in the construction of the Duval device as must satisfy the court that it could not be made an operative machine.    Of course the rule is familiar, that where it is claimed that a patented device is anticipated by another, and that there has been a prior use, it is necessary to show, not, perhaps, that the anticipating device has been actually used, but certainly that it was capable of practical and suc-

cessful use. It is contended by counsel for complainant that this fact is not established in this case.

We cannot, upon careful consideration of the testimony, agree with counsel that the testimony of the witness Robinson, who is one of the witnesses for the defendant, should be entirely disregarded by the court. It seems to be corroborated by other testimony in the case. He is corroborated by the presence of the device which it is claimed anticipates the Selden dog, and which is produced in court, and that is a very powerful circumstance influencing the mind of the court in coming to a conclusion upon that question. Then we have also the account book which was kept at the time this device was sold, as far back as 1865 and 1866, which contains entries showing such sales. And so we conclude that the case does not stand alone upon the testimony of the witness Robinson. Then, further, we think that the testimony and the device itself, as it is exhibited to us, show that it was capable of practical use.

I may say here that at the first hearing I had not a little difficulty in determining this very question relative to the Selden dog; and it seems to us, upon a comparison of the devices, and upon the best light that we can extract from the testimony that is now submitted, that the testimony is quite as strong that the Duval device is one that could be practically and successfully used, as was the testimony in the original case that the Selden device could be so used. So, without elaborating upon the case, or attempting the delivery of an opinion *in extenso,* we content ourselves with announcing our conclusion, which is, that these devices, which have been submitted as anticipating the Selden dog, should be held to anticipate it, and therefore that the Selden patent must be declared invalid.

I am authorized to say that Mr. Justice HARLAN concurs in this conclusion.