SHEFFIELD CAR CO. v. BUDA FOUNDRY & MFG. CO.

(Circuit Court, N. D. Illinois. E. D. March 24, 1910.)

No. 29,187.

1. PATENTS (§ 312*)—INFRINGEMENT—SUFFICIENCY OF EVIDENCE.

Evidence alone that a defendant had an infringing device in its possession, without proof that it made, used, or sold the same, does not make out a case of infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 549; Dec. Dig. § 312.*]

2. PATENTS (§§ 26, 56, 238*)—VALIDITY AND INFRINGEMENT—RAILWAY VELOCIPEDE.

The Hovey patent, No. 876,058, for a railway motor velocipede, covers a combination of old elements in a machine to adapt it to be propelled by hand, foot, or motor, and in such feature was not anticipated, and discloses invention. It is not infringed, however, by the machine of the Jenkins patent, No. 914,845, which lacks the means of the Hovey machine for disconnecting the motor from the driving mechanism while in motion.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 30, 376; Dec. Dig. §§ 26, 56, 238.*]

3. PATENTS (§ 237*)—INFRINGEMENT—EQUIVALENT PARTS—"SPROCKET CHAIN DRIVE."

A sprocket chain drive is the equivalent of a belt drive as a means for propelling a vehicle.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 374, 375; Dec. Dig. § 237.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

• In Equity. Suit by the Sheffield Car Company against the Buda Foundry & Manufacturing Company. On final hearing. Decree for defendant.

Chappell and Earl, for complainant.

Synnestvedt & Carpenter, for defendant.

KOHLSAAT, Circuit Judge. Complainant files its bill to restrain infringement of claims 14, 16, 18, 20, 23, 24, 30, 32, 35, 36, 38, 39, and 41 of patent No. 876,058, granted to W. S. Hovey January 7, 1908, for improvements in railway motor velocipedes. The number and length of the claims preclude their being restated here. The patentee's avowed object was to provide: (1) A compact, light weight, and strong motor velocipede. (2) One in which the engine of the explosive type may be readily started. (3) One which may be connected up quickly for either manual or motor propulsion. (4) One in which the parts are effectively balanced and the engine protected. Defendant relies on the usual defenses of want of invention, the state of the art considered, and noninfringement.

Complainant charges infringement as to two devices on the part of defendant: The first of these consists of a certain structure advertised in defendant's so-called "Buda Bulletin No. 121." The evidence utterly fails to show any more than that defendant had such a device in hand. Nothing is shown as to who made it, or that it was ever used or sold. This fails to make out infringement, and need not be further considered on final hearing. Allis v. Stowell. decided by Judge Dyer at this Circuit in about 1881. See Allis v. Stowell; 9 Fed. 304; Minter v. Williams, 1 Webster, 135; Robinson on Patents, § 899.

The remaining device, Complainant's Exhibit No. 2, defendant's railway motor velocipede, defendant claims to be manufacturing under patent No. 914,845, issued to M. L. Jenkins on March 9, 1909. In the specification, line 8, p. 1, it is said that the invention has for its objects a new railway velocipede with motor actuating means therefor, the same being compact, light, and strong, having chain driving means of a positive nature, an improved form of throw-out mechanism for disengaging hand driving gear, whereby the hand mechanism can be readily disconnected and locked after the machine has started.

Complainant's contention that this patent is not for a combination, but for specific details, is not deemed well taken. Claims 1, 2, and 3 each call for a complete velocipede. It appears from the record that a railway motor velocipede was at the date of the application a well-known device. With reference to the question of invention in the device of the claims in suit, it is conceded that none of the elements were new with Hovey. What is claimed is that the combination of the three motive powers, hand, foot, and motor, and the adjustment of the parts was new. It is admitted that hand and foot propelled cars of this character were old in the art. Defendant's Exhibit, "Complainant's old car stipulated," so called in the briefs, and Lindsley's patent No. 270,320, issued in 1883, disclose them. In adapting one of these old structures, the Lindsley, to the application of motor propulsion, including several necessary, or, at least, desirable, changes or additions

thereto, such as connecting and disconnecting means, rests the claim of the patent to invention.

It was not new to install a motor in track or other velocipede frames. Patent No. 599,912, issued to J. McGeorge on March 1, 1898, for a locomotive hand car, covers a railroad tricycle propelled by gasoline motor, which should still be light, strong, and effective. This device was manufactured for complainant, has no hand or foot power for propelling the car, and was a failure, probably for want of a suitable motor, as much as for any other reason. A similar attempt was made in Boult and Wade English patent, No. 16,331, granted in 1898, for an ordinary motor tricycle.

The Ellis patent, No. 710,018, granted in 1902, covers a four-wheel motor velocipede capable of being propelled by either foot or motor power or both. This device is relied upon by defendant as an anticipation. It cannot be folded for transportation, nor worked by manual power. The motor is located above the wheels, and its connections and adjustments are in essential respects so unlike those of the device in suit as to be practically incapable of application to a railroad tricycle. Meijer patent, No. 738,559, is for an automobile bicycle which has no pedals, cranks, handle bar, saddle, or transmission chain.

The device of Manson patent, No. 678,963, shows a motor mounted between the side rails of a four-part bicycle frame. It has no hand power, and cannot be considered as pertinent to the present inquiry. Various other devices of the prior art are referred to, but none of them serve to illuminate the railway motor velocipede art as well as those above discussed. There is nowhere found in the prior art any device employing in combination the three methods of propulsion, viz., handle bars, pedals, and motor. From the record it appears that there is on occasion serious demand for all three of these. Steep grades, rapid movement to escape trains, failure of any two of them to work—each of these possible events make the three very desirable elements of a track velocipede. These, together with the various convenient adjustments for cutting in and out any one or more of the actuating means, together with the general balancing of the parts, give to the patent some degree of invention, and a consequent right to the protection of the court against infringers. To hold that defendant's tricycle infringes requires, among other things, that its sprocket chain drive be held to be the equivalent of complainant's belt drive.

Complainant's expert, Cooley, says the two methods are recognized as equivalents. This seems to be reasonable, and, considered alone, is deemed true. It will further be necessary to hold that the disc friction device of defendant's car corresponds to the belt-tightening device of complainant. As said by the expert, if complainant's belt-tightening device be adjusted so as to prevent slipping of the belt when the engine is starting up or driving the car, it will then perform the identical function performed by the disc friction device on the sprocket wheel of defendant. It will be seen, however, that while the belt tightener enables the degree of frictional contact with the flanged driving wheel, to be varied at the will of the driver, by means of a convenient lever, the defendant's frictional contact is fixed and uniform

until the same is varied by advance or withdrawal of the nut upon the shaft or axle. It cannot be said that defendant's method of adjustment by means of a wrench is the equivalent of complainant's lever-operated belt tightener. This lever and its adjustment are essential parts of complainant's car. By the slackening or loosening of the belt complainant's connection between the motor and the forward driving wheel is entirely cut out. Defendant's patent, as well as its said alleged infringing device, discloses no means for cutting out the motor other than the stopping of the motor itself until the car comes to rest, and then adjusting the friction discs by means of a wrench to relieve the impact thereof upon the driving wheel, and cause same to slip freely upon the flanged wheel through the medium of the steel plate, 50.

On the other hand, complainant's motor may at choice be kept in motion, even when not pulling, which would seem to be a desirable feature. The friction in complainant's device is applied at or near the periphery of the front driving wheel. In defendant's tricycle it is applied at the side of the wheel, and covering a circular area at its central portion, having a diameter equal to that of the disc, and concentric therewith. Both, it is true, depend upon frictional contact. Complainant's device, however, is not to be looked upon as in any sense a basic invention, but only as an advance upon the prior art, slight at that, and therefore entitled to only a narrow range as to equivalents. Considering the other variations between the two in the adjustment, connection, and disconnection of the manual and pedal actuating details, there seems to be in both of the devices substantially the arrangements followed by Lindsley, varied only to suit the new feature of the motor. Necessarily there are some differences, but none which would seriously tend to determine the presence or absence of invention. It appears from what has been said that defendant's device lacks at least one of the elements of complainant's combination—i. e., the lever-operated adjustment of the connection between the motor and the driving or flanged wheel—not to mention the differences in the application of the frictional contact of the two. It further appears that defendant has followed complainant in adjusting a motor to the Lindsley manual and pedal track tricycle. Both of these were open to be used by any one separately. While the complainant seems to have been the first to place a motor in the Lindsley device, and the first to combine a manual-actuating element with a pedal and motor propulsion in track tricycles, his invention, as above stated, is very narrow, so narrow indeed as to limit him to the combination claimed. Having omitted one of the elements of complainant's railway motor velocipede as disclosed in each of the claims sued on, either directly named or necessarily included, it follows that defendant's device does not infringe. Wright v. Yuengling, 155 U. S. 52, 15 Sup. Ct. 1, 39 L. Ed. 64.

The bill will be dismissed for want of equity.