WERK ET AL., COPARTNERS UNDER THE NAME OF ROBERT F. WERK & COMPANY, v. PARKER ET AL., COPARTNERS UNDER THE NAME OF F. T. PARKER COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 73. Argued November 21, 1918.—Decided March 3, 1919.

The use of horse-hair mats for extracting oil, as abundantly shown in standard and easily accessible books of reference, may be noticed judicially. P. 132.

The application in the extraction of cotton-seed oil of mats made of horse hair or other long animal hair, woven in a manner designated, but without improvement in the art of weaving, *held* not invention, but merely mechanical adaptation of familiar materials and methods. P. 133.

Divisional patents Nos. 758,574 and 758,575, to Robert F. Werk, relating to oil-press mats for use in extracting cotton-seed oil, *held* invalid as to certain claims.

231 Fed. Rep. 121, affirmed.

THE case is stated in the opinion.

Mr. T. Hart Anderson for petitioners.

Mr. John Weaver for respondents.

MR. JUSTICE PITNEY delivered the opinion of the court.

Petitioners sued respondents in the District Court of the United States for the Eastern District of Pennsylvania for infringement of two divisional patents, Nos. 758,574 and 758,575, granted April 26, 1904, to Robert F. Werk. Defendants answered denying patentable novelty, and also denying infringement. The patents relate to an oil-press mat or cloth for use in the extraction of cotton-seed oil. The claim in issue under the former patent was for

"An oil-press mat or cloth made entirely of long animal hair and consisting of warp and weft threads, said weft-threads being composed exclusively of soft, pliable hair and the warp-threads greatly exceeding the weft-threads in number per square inch."

And in the second patent:

"An oil-press mat or cloth consisting of warp-threads and weft-threads, each composed exclusively of long hair derived from animals' tails and manes, which hair is soft and pliable; the warp-threads exceeding the weft-threads in number per square inch, and the weft-threads being thicker than the warp-threads."

The District Court dismissed the bill on the ground of non-infringement. 221 Fed. Rep. 644. The Circuit Court of Appeals, without discussing this question, affirmed the decree upon the ground that the patent disclosed no such novel information to the oil-pressing art as warranted a grant of the patent monopoly. 231 Fed. Rep. 121. At the conclusion of its opinion the court stated (p. 125) that in view of the fact that certain references quoted were not given in evidence, the sending down of the mandate would be deferred for a time to permit of an application for reargument or other form of relief to meet such references. Thereupon a petition for a rehearing was filed in behalf of appellants, which, while not disputing the accuracy of the results disclosed by the court's investigation, insisted that there was error in giving effect to the anticipatory matter thus disclosed, and in "failing to give controlling consideration to the fact that both of the two claims declared upon are laid not only to a particular woven structure of an oil-press mat, but also to an oil-press mat of such particular woven structure, when its threads are composed of animal hair." The rehearing was refused; after which the present writ of certiorari was allowed. 242 U. S. 645.

In the process of obtaining oil from cotton seed, the

seeds, having been cleaned and freed from lint, are hulled and chopped up, the meats being separated from the hulls; the meats are passed through a crusher, next cooked in water, and after this are spread upon an oil-press mat or cloth, the ends of which are folded over to cover the upper surface of the cooked meats. The mat with its inclosed mass of meats is then placed in a press and subjected to a pressure of about 4,000 pounds, which has the effect of expressing the oil through the mat as through a strainer.

One of the patents declares, and the evidence at the nearing indicated, that the highest grade of mat previously in general use was made of camel's hair, and that this was objectionable because of its tendency to pack and felt together when in use to such an extent as to hinder the free flow of the oil, and also because of its want of durability. The use of long animal hair, specifically horse hair, obviated this difficulty to such an extent as materially to reduce the percentage of oil wasted, as well as the cost of the mat in proportion to the product. Defendants accomplished like results with mats woven from human hair.

The Circuit Court of Appeals, while finding that the change from camel's hair to horse-hair mats was sufficient to constitute invention in the art, if this use of horse-hair mats was first disclosed by Werk, nevertheless found, from an examination of standard works, that the patentee's use was but a revival of an old and well-recognized use of such mats in the art of oil extraction. Reference was made to the British Encyclopedia, 9th ed., 1884, the Standard Dictionary of 1894, and a multitude of other publications long antedating the application for the patent.

It is not questioned that these references abundantly showed that the use of hair cloth, and especially horse-hair cloth, in the making of oil-press mats or cloths, was well known in the art long before the patents in suit.

Nor is it questioned—indeed, we deem it clear, beyond

question—that the court was justified in taking judicial notice of facts that appeared so abundantly from standard works accessible in every considerable library. *Brown* v. *Piper*, 91 U. S. 37, 42; *Terhune* v. *Phillips*, 99 U. S. 592.

The burden of petitioner's argument in this court, as in the application for a rehearing in the Circuit Court of Appeals, is that there was nothing in these publications to show that the horse-hair cloth so familiar in the art embodied the "structural characteristics" of the oil-press mats of the patents in suit, referring to the peculiar mode of weaving described in the claims. But at the hearing it was clearly proved, and was conceded to be beyond controversy, that the patents involved no claim of an improvement in the art of weaving, but only the application of that art and a combination of threads of a certain type and character in order to produce a particular result. And this, in our opinion, goes no further than a mere mechanical adaptation of familiar materials and methods, not rising to the dignity of invention. *Atlantic Works* v. *Brady*, 107 U. S. 192, 200; *Pennsylvania R. R. Co.* v. *Locomotive Truck Co.*, 110 U. S. 490, 494; *Hollister* v. *Benedict Mfg. Co.*, 113 U. S. 59, 71, 73; *Aron* v. *Manhattan Ry. Co.*, 132 U. S. 84, 90; *McClain* v. *Ortmayer*, 141 U. S. 419, 426, 429; *Duer* v. *Corbin Cabinet Lock Co.*, 149 U. S. 216, 222; *Wright* v. *Yuengling*, 155 U. S. 47, 54; *Olin* v. *Timken*, 155 U. S. 141, 155; *Market Street Cable Ry. Co.* v. *Rowley*, 155 U. S. 621, 629.

*Decree affirmed.*