## WESTCOTT HOSIERY MILLS v. RICH'S, Inc., et al.

### No. 6674.

Circuit Court of Appeals, Fifth Circuit.

May 24, 1933.

Robt. C. Alston, of Atlanta, Ga., James A. McFarland, of Dalton, Ga., Hubert Howson, H. A. Howson, and Charles Neave, all of New York City, for appellant.

Wallace White, of New York City, and Harold Hirsch and Marion Smith, both of Atlanta, Ga., Hugh M. Morris, of Wilmington, Del., and Justin L. Fearing, and Charles J. Hardy, both of New York City, for appellees.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

Appellant as assignee of letters patent No. 1,759,561, issued to David H. Young, May 20, 1930, brought two suits against appellees to enjoin infringement and for an accounting. The patent is for a knitted fabric, particularly with relation to stockings. The infringement complained of was solely in relation to the manufacture of silk stockings. Appellees admitted infringement, but denied validity of the patent for want of novelty and invention. The suits were consolidated and tried together on the same evidence. There were decrees adjudging the patent to be invalid and dismissing the bills. From those judgments these appeals are prosecuted.

The decision in the trial court turned upon the construction of claim 3 of the patent, agreed to be typical, which is as follows: "A knitted stocking containing a silk yarn composed of a plurality of threads, each thread having been given a twist in one direction in the first time spinning and the final yarn having been given a lower twist in the opposite direction, said individual threads having been given a twist of the order of 32 to 48 turns per inch and said yarn a twist of the order of 28 to 44 turns per inch."

The District Court, as appears from a rather comprehensive opinion [56 F.(2d) 234], found that knitted stockings made in the manner described in claim 3 were useful, but held the patent void for want of novelty and invention.

It is unnecessary to review the various patents and trade publications relied upon by the appellees as showing anticipation, nor is it necessary to repeat what was said by the District Court. In simple terms, the invention consisted only in substituting hard twisted yarn, known as grenadine, in the making of silk stockings for soft yarn formerly used, known as tram, for the purpose of producing a sheer stocking with a dull finish. The grenadine yarn is fed into the knitting machines in the usual way, and there is no difference in the method of knitting or manufacturing the stockings. There is uncontradicted evidence in the record tending to show that silk stockings had been made in the United States from organzine, which is the same type of yarn as grenadine, except that it has fewer twists, and sold in the market prior to the granting of the patent in suit. This yarn made a heavy stocking with a dull finish. Appellant claims invention by adopting the particular twist set out in the claim above quoted. The trade definitions of grenadine appearing in the record show that yarn having approximately the same twist as the yarn claimed as novel is adaptable for knitting. It would seem that any one skilled in the art would readily know what number of turns to use in twisting the yarn so as to give the desired result. We agree with the District Court that the patent is invalid for lack of

454

invention. Werk v. Parker, 249 U. S. 130, 39 S. Ct. 197, 63 L. Ed. 514.

Affirmed.

WALKER, Circuit Judge, took no part in the decision of this case.