243 F.2d 448
 Robert L. JACKSON, d/b/a Jackson Delinting & Manufacturing Company, Appellant-Appellee,
v.
Lloyd H. JACKSON, d/b/a Cottonseed Delinting Company, et al., Appellees-Appellants.
Lloyd H. JACKSON, d/b/a Cottonseed Delinting Company, et al., Appellees-Appellants,
v.
Robert L. JACKSON, d/b/a Jackson Delinting & Manufacturing Company, Appellant-Appellee.
 No. 16242.
 United States Court of Appeals Fifth Circuit.
 May 1, 1957.
 
 Cecil L. Wood, Fort Worth, Tex., E. Byron Singleton, Amarillo, Tex., for appellants.
 Buck W. McNeil, Roy Bass, Geo. W. Dupree, Crenshaw, Dupree & Milam, Lubbock, Tex., for appellee.
 Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.
 TUTTLE, Circuit Judge.
 
 
 1
 This is an appeal in a patent suit from the judgment of the trial court holding patents both of the plaintiff and of the defendant below invalid and no infringement by defendant of plaintiff's patent if valid. Both parties appeal, each assigning as error the judgment of the trial court invalidating his respective letters of patent. Appellant Robert L. Jackson also complains of the failure of the district court to find an interference between his patent and that of the defendant.
 
 
 2
 The parties are two brothers, Robert Jackson being the plaintiff and Lloyd Jackson being the defendant. They both conceded on the trial of the case that their respective devices were no more than improvements on a device invented by their father, S. B. Jackson, which had been patented by him in March 1938, the protection for which thus expired in 1955.
 
 
 3
 There appear to be a number of unusual circumstances surrounding the granting of the two patents. Robert filed his application first, on May 28, 1949, but his patent was issued last, on July 21, 1953. Lloyd's application was filed on July 26, 1949, and was approved on July 15, 1952. Another peculiar circumstance is that Robert's patent did not cite the father's patent but it did contain a reference to Lloyd's. Lloyd's patent cited the father's patent. However, we concur with the conclusion of the trial court that whatever might be concluded from the sequence of events in the dates of filing and issuance of the several patents, under the present circumstances this does not become of primary importance in this suit for neither brother's device amounted to invention. Therefore neither patent was valid.
 
 
 4
 The basic patent, that issued to the father, involved, as was stated in the letters patent number 2,112,159, "an apparatus for treating seeds." That issued to the plaintiff Robert, number 2,646,268, was denominated "cottonseed delinting apparatus." Number 2,603,552, issued to defendant Lloyd, was called "apparatus for treating cottonseed and the like for planting purposes." The basic art described was the treating of seeds to be used for planting by subjecting them to chemical treatment under heat within a cylindrical tumbler. In actual practice the device used by the father embodied an inner rotating cylinder in the shape of a truncated cone with an outer casing within which circulating pipes carried a heating fluid such as oil or steam. In the disclosures of his patent, however, he stated "heating is effected by application of any suitable source of heat to the outside of the chamber [meaning the rotating cylinder], suitable sources of heat being hot gases of combustion, steam, hot water, hot oil, or electrical heating means."
 
 
 5
 Each of the devices described by the two brothers, the parties to the present litigation, contemplates the use of an open flame under the rotating cylinder as the heating element. Robert's device encloses this heating element in an outer frame or furnace. Lloyd did not enclose his heating element. The claims of neither of the brothers specified the use of an open flame as the means of heating. However, Robert's argument here is based almost completely on the claimed invention from the introduction of the open flame heat to the earlier device; to be sure, his claims included other improvements such as the means for opening and closing the cylinder during rotation, the tilting of the cylinder, and the means adopted for loading and discharging the seeds. Lloyd Jackson, on the other hand, claimed invention based on his own arrangements for the opening of the loading and discharging ends of the cylinder, the method of rotating it, the method of injecting gas into the rotating cylinder and the means of tilting the cylinder while operating.
 
 
 6
 We think it clear, as found by the trial court, that the application of well-known mechanical devices and principles by which the cylinder or drum could be rotated, whereby seed could be introduced and discharged from the rotating cylinder, and whereby such cylinder could be tilted to facilitate the loading and unloading process were mere practical improvements over the device invented by the father that do not rise to the dignity of invention.
 
 
 7
 Certainly as to the claim of novelty by Robert, i. e. the use of open gas flame as the heating element, this is of no great importance. Lloyd in his brief concedes this as to his own device, stating: "the problem of the application of direct heat was really no problem at all, since a furnace could be used, gas jet, as in the Lloyd Jackson machine, electricity or other means of heat could be used * * *." Moreover, the specifications of the father's patent clearly contemplated the use of such alternative heating means.
 
 
 8
 We think it clear that what each of the parties here did was to take the device long used by their father, patented with specifications and claims that disclosed all of the essential elements in the basic part of their improved machines, and add certain well-known mechanical principles that made their new combination of elements more convenient and economical in use. Thereupon they each applied for a patent, the claims of which included all that was known in the art together with a combination of additional convenient well-known mechanical means of operating the device. In doing so they claimed too much. Both patents are void as claiming more than they invented. As stated by the Supreme Court in Lincoln Engineering Co. of Illinois v. Stewart-Warner Corp., 303 U.S. 545, at page 549, 58 S.Ct. 662, at page 664, 82 L.Ed. 1008:
 
 
 9
 "As we said in Gullborg in the Rogers case [Rogers v. Alemite Corp., 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251], having hit upon this improvement he did not patent it as such but attempted to claim it in combination with other old elements which performed no new function in his claimed combination. The patent is therefore void as claiming more than the applicant invented. The mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention."
 
 
 10
 See also Big "G" Distributing Co. v. Air Cleaner Service Co., 5 Cir., 179 F.2d 122.
 
 
 11
 The trial court did not err in its finding of invalidity of both patents.
 
 
 12
 On the cross-appeal of Lloyd Jackson we hold that the trial court did not err in failing to award attorneys' fees to the defendant below.
 
 
 13
 The judgment is affirmed.